## PAUL M. FARNSWORTH v. JOSIAH PAUL, ET AL.

Where the plaintiff is required to pay all costs as a condition precedent to the setting aside a judgment of non-suit, the costs of a jury struck at the defendants' instance, are properly included.

GENERAL TERM.—Reserved to the general term upon plaintiff's motion to retax costs.

The facts sufficiently appear in the decision.

*Donn Piatt*, for plaintiff.

*Lincoln, Smith & Warnock*, for defendants.

STORER, J., delivered the opinion of the court.

At the request of the plaintiff, the judge at special term, reserved the following question for the opinion of all the judges:

When a non-suit is opened up on terms, and the plaintiff is required to pay the costs, are the fees of a jury, struck under the statute, and which have already been paid by the defendants, to be included, when the jury has been struck at the instance of defendants.

Section 3 of the law of 1853, providing for struck juries, requires the party who asks the jury, to pay the fee, and he

shall not have any allowance therefor in the taxation of costs, unless the court shall be of opinion that the cause required such special jury.

We suppose this provision restricts the clerk in taxing the costs, and forbids the fee of a struck jury to be included in the bill, unless the court shall determine a proper case exists to charge them to the losing party.

When, however, a new trial is granted, or a non-suit opened up on terms, the court, we are satisfied, are not limited in their discretion. While they impose conditions upon the party in whose favor their discretion is exercised, they themselves must necessarily be the sole judges of the propriety and reasonableness of the conditions.

It is said in Graham & Waterman upon New Trials, vol. 1, 597–599, that "the discretion of the court is unlimited, the governing principle being to do strict justice between the contending parties." "Costs are generally allowed as a matter of strict right, they are the mulct the law exacts for irregularities, and justice requires that the party who is compelled to try his case anew, should not be placed in a worse situation than his adversary."

There is a class of cases in which the rule is applied, or withheld, as the court may think just, under all the circumstances; but whenever the conditions are fixed, they must be complied with, and like all rulings of the tribunal, involving discretion merely, can not be inquired into on error, or by any other legal process.

We think, in this case, the court had the right to require the payment of all the costs as a condition of opening up the non-suit, and it is ordered that it be so certified to the special term.

Motion overruled.